## BANGS vs. NORDHEIMER and MARX.

By an agreement between the parties, the plaintiff agreed to advance to the defendants $2,000, for which they were to give their note, at six months, with interest, and assign to the plaintiff one-fourth part of their interest in certain mining property. The money was advanced, the note given, and the one-fourth of the interest was transferred. It was also agreed that the plaintiff might elect to purchase one-fifth of the defendants' interest, within five months, for $5,000, by giving a written notice of such election; and at the end of one month from such election, he was to surrender the note and pay $3,000; on which payment and surrender, such interest was to be transferred. *Held* that the first transaction was an advance of money and giving a note as security therefor; which was to be changed into a purchase, at the election of the plaintiff, within five months, on a written notice and payment of the balance.

And the judge having found that there was no election by the plaintiff to purchase; *Held* that there was no ground on which the court could hold that the original transaction was changed from a loan to a purchase; but that the plaintiff was entitled to recover the amount of his advance, with interest.

THIS cause was tried before his honor Judge Van Brunt, without a jury. The facts proved were as follows:

The defendants sold to the plaintiff a quarter of their interest in a gold mine, using these words: "That the said parties of the first part hereby sell, assign and transfer to said party of the second part the equal undivided one-fourth part of their interest, &c., &c., upon the following conditions:" The plaintiff agrees to advance to the defendants $2,000, for which sum the defendants are to execute and deliver to the plaintiff their note, payable in six months, with interest. The plaintiff is to have the right to purchase, within five months, one-*fifth* of their interest "absolutely" for $3,000 and this note. The defendants are to have the right to take back all over this fifth from the plaintiff as soon as he should have received $5,000 in dividends. The plaintiff is to hold one-fourth of the defendants' shares in the projected corporation (which was to own these mines) until he had received $5,000 in dividends. The defen-

dants are to have the option, within three months, of taking back from the plaintiff all but one-tenth of their interest on paying him $5,000. They gave their note for $2,000, upon which the plaintiff sues. The plaintiff took, in his own name, 1,250 shares, being one-eighth of the stock of the company, which was organized pursuant to the contract, and paid an assessment thereon of $1,250, and became, and still is, president of the company. A certificate for 3,750 shares was made out to the defendants, but never delivered. Nordheimer testified that he called upon the plaintiff about December, 1866, and asked him to decide whether he would take the fifth interest or not, and the plaintiff said: "It was a good thing and he would stick to it." The plaintiff testified that he was in Mexico in December, 1866, but admits that he had several interviews with Nordheimer in October and November, 1866 ; and though he does not recollect any such conversation, yet he admits that their conversations were entirely about this mining property, and he cannot remember anything that was said. He sent a letter to the defendants in October, 1867, demanding payment of this note, and stating that he would take the 1,250 shares of mining stock received by him under the agreement, "*in payment*" of the note. This letter the defendants never received. The defendant Nordheimer swore that the plaintiff was to pay them $2,000 *down*, and the note was given as a "sort of memorandum or receipt for this sum."

Judgment was rendered for the plaintiff, and the defendants appealed.

*Field & Shearman*, for the appellants.

*H. Odell*, for the respondent.

It was also agreed that the plaintiff might elect to purchase one-fifth of the defendants' interest within five months, for $5,000, by giving a written notice of such election, and at the end of one month from such election, he was to surrender the note and pay $3,000.

It was further agreed that on payment of the $3,000, and surrendering the note, the parties of the first part should make a full transfer of such interest.

By this arrangement, it is apparent that the first transaction was an advance of money and giving a note as security therefor. This was to be changed into a purchase, at the election of Bangs, within five months, on a written notice and payment of the balance.

The defendant relies on a conversation between him and the plaintiff in which, he says, the plaintiff said it was a good thing, and he would stick to it. This is denied by the plaintiff, and it became a question of fact to be decided by the court, and as the finding is against the defendants on this point, it is conclusive.

There is also a finding of the court that there was no election to take the share.

With these findings, I see no ground on which the court could hold that the original transaction was changed from a loan to a purchase. This could not be, unless the plaintiff elected to purchase, either verbally or in writing.

The finding of the court is against both, and the plaintiff is entitled to recover the amount of his advance, and interest.

Judgment affirmed, with costs.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 3, 1873. *Ingraham* and *Brady*, Justices.]